The Honorable Paul Miller State Senator Post Office Box 488 Melbourne, Arkansas 72556-0488
Dear Senator Miller:
You have asked for my opinion about whether certain cities can pass a sales tax to help build and operate a hospital that the cities are considering jointly building and operating. You ask:
 Under A.C.A. §§ 25-20-101 et seq. (the Interlocal Cooperation Act), can these four cities pass a sales tax to supplement (1) the building and (2) operation of the hospital?
RESPONSE
I am unsure about how to interpret your questions. You may be asking about cities in the abstract or about the specific cities you mention. I can only respond to the former. Whether any particular city can pass these kinds of taxes depends on the other taxes the city has levied.[1] Each city should consult its counsel to determine whether it can levy such a tax. In my opinion, with respect to the abstract question, cities may jointly agree to construct and operate a public hospital. And they may, individually, enact sales taxes to supplement the construction and operation of the hospital. *Page 2 
DISCUSSION
In general, cities have the authority to jointly agree to build and operate a public hospital. Before a city can use an Interlocal Agreement to undertake a joint venture, the city must, among other things, have authority to conduct that activity in the first place.[2] Cities have authority to build and operate hospitals.[3] Therefore, considered in the abstract, cities have authority to jointly build and operate hospitals. Whether any particular cities' Interlocal Agreement meets all the legal requirements is outside the scope of this opinion.
Cities also have the authority to enact a sales tax to supplement the construction and/or operation of a public hospital. Cities are authorized to use sales-tax proceeds for the tax's stated purpose or, if the tax is not limited to a particular purpose, then the proceeds may be used as general funds.[4] I do not see any reason to think that general funds cannot be used for the construction and operation a public hospital. Thus, undesignated sales taxes can probably be used to construct and operate a public hospital. If, however, the sales tax is specifically designated for the construction and operation of the hospital, then proceeds of the tax must be used accordingly.[5]
In summary, the joint construction and operation of a public hospital is a proper subject matter for an Interlocal Agreement. And cities are, in general, authorized to pass a sales tax to supplement the construction or operation of a public hospital. The tax may be specifically designated for that purpose, or the tax may be undesignated and used for those purposes as general funds. The cities in question *Page 3 
will need to consult their counsel to determine (1) whether they have formed a valid Interlocal Agreement and (2) whether each city may pass the sales tax in question.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] See generally Op. Att'y Gen. 2008-036.
[2] A.C.A. § 25-20-104(a) (Repl. 2009): "Any governmental powers, privileges, or authority exercised or capable of exercise by a public agency of this state along may be exercised . . . jointly with any other public agency of this state which has the same powers. . . ." A "public agency" means, among other things, "any . . . [p]olitical subdivision of this state." A.C.A. § 25-20-103(1)(b) (Repl. 2009).
[3] A.C.A. § 14-265-103 (Repl. 1998) ("Any municipality is authorized to acquire, own, construct, reconstruct, extend, equip, improve, maintain, operate, sell, lease, contract concerning . . . buildings, improvements, or facilities of any and every nature whatever that can be used for hospitals . . . or related facilities within or near the municipality.").
[4] A.C.A. §§ 26-75-217(a), 26-75-301(c)(2); e.g., Williams v. Cityof Fayetteville, 348 Ark. 768, 776, 76 S.W.3d 235, 239 (2002).
[5] A.C.A. §§ 26-75-208(c)(1) (Supp. 2009),26-75-308(d) (Supp. 2009).